IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CAROLYN MOYA, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>Walgreen Co.<br><br>   Defendant. | Case No.: 2: 18-cv-01785-DEJ |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S
## MOTION TO DISMISS (ECF 6 and 7)

Plaintiff, Carolyn Moya opposes the Motion to Dismiss filed by the Defendant Walgreen Co., ("Defendant" or "Walgreen") because her complaint states viable and timely causes of action under Wisconsin law against the Defendant. The Defendant's motion to dismiss plaintiff's claim made under Wisconsin law by raising defenses that have been already rejected by the Wisconsin Supreme Court or asserting the wrong statute of limitations for the Plaintiff's claims. The motion should be denied.

## STANDARD OF REVIEW

This Court has previously set forth the standards that apply to a motion to dismiss:

> To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible when the plaintiff has alleged in his complaint "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." White v. Marshall & Ilsey Corp., No. 10–CV–311, 2011 WL 2471736 at *2 (E.D. Wis. June 21, 2011).
> Of course, in making a decision, the court must accept all well-pleaded allegations as true. Twombly, 550 U.S. at 570. Also, as Reso correctly points out,

the Court must draw all reasonable inferences in favor of the plaintiff. AnchorBank, FSB v. Hofer, 649 F.3d 610, 614 (7th Cir.2011) (stating that courts must make "all possible inferences from the allegations in favor of the plaintiff").

*Reso ex rel. Artisan Intern. Fund v. Artisan Partners Ltd. Partnership*, 2011 WL 5826034, at *3 (E.D.Wis.,2011).

## THE FACTUAL ALLEGATIONS IN PLAINTIFF'S COMPLAINT

The Plaintiff complaint alleges:

Walgreens is a "health care provider" under Wis. Stat. 146.81 or the authorized agent of a health care provider . ECF 1-1, Comp. ¶ 3.  Walgreens has routinely charged patients or persons authorized by the patient, an $8.00 certification fee, a $20.00 retrieval fee, processing, basic or other fees not authorized by Wis. Stat. §146.83. Id. at ¶ 11.  Plaintiff was charged these illegal fees by Walgreens. Id. at ¶ 14.

On January 23, 2013, Ms. Moya authorized her attorney to obtain her health care records from Walgreens. Id. at ¶¶ 29-31. Walgreens provided 5 pages of documents and charged $55 for the records. Id. at ¶ 32, Exhibit B to the Comp.  The amount demanded by Walgreen included fees prohibited by Wis. Stat. 146.83 and the amount demanded was paid to it.  Id. at ¶¶ 33-34. Walgreens knowingly and willfully charged these illegal fees. Id. at ¶ 35.

Walgreens does not contest any of these facts in its motion to dismiss.

## ARGUMENT

I. THE WISCONSIN SUPREME COURT HAS HELD THAT CLAIMS UNDER WIS. STAT. §146.83 ARE NOT SUBJECT TO DEFENSES OF WAIVER OR VOLUNTARY PAYMENT. WALGREENS' WAIVER IS PREMSIED ON VOLUNTARY PAYMENT AND THEREFORE IS NOT A DEFENSE TO THE PLAINTIFF'S CLAIMS.

In *Moya v. Aurora Healthcare, Inc*., 894 N.W.2d 405, 375 Wis.2d 38, 2017 WI 45, (Wis., 2017) the Wisconsin Supreme Court addressed Wis. Stat. §146.83. It held that a

patient or a "person authorized by a patient" could not legally be charged any retrieval or certification fees under the plain and unambiguous language of §146.83(3f)(b)(5).894 N.W.2d 405, 411, 375 Wis.2d 38, 52, 2017 WI 45, ¶ 22 (Wis., 2017).

After deciding these charges could not be legally charged, the Moya court also addressed two defenses raised by the Defendants: voluntary payment and waiver. The Moya court rejected each of these defenses to claims based on §146.83. In rejecting the voluntary payment doctrine as a defense, the Supreme Court held:

> Here, we determined that the legislature's expressed intent that a person with a written authorization from a patient does not have to pay the certification charge or retrieval fee for obtaining health care records. Thus, "[a]pplication of the common law voluntary payment doctrine would undermine the manifest purposes of [Wis. Stat. § 146.83(3f)]." MBS-Certified Pub. Accountants, LLC v. Wis. Bell, Inc., 2012 WI 15, ¶4, 338 Wis.2d 647, 809 N.W.2d 857. Consequently, we cannot apply it in this case to bar Moya's claim.

894 N.W.2d 405, 414, 375 Wis.2d 38, 58, 2017 WI 45, ¶ 34 (Wis., 2017).

For similar reasons, the Court found that the claims for illegal fees could not be waived:

> As with the application of the doctrine of voluntary payment, we decline to apply the doctrine of waiver to subvert the legislature's intent. To conclude that the doctrine of waiver applies would require us to conclude that Moya's attorney has to pay the certification charge and retrieval fee. However, we conclude that Moya's attorney does not have to pay the certification charge or retrieval fee because he is a "person authorized by the patient." Thus, the doctrine of waiver does not apply to bar Moya's class action lawsuit.

894 N.W.2d 405, 415, 375 Wis.2d 38, 59, 2017 WI 45, ¶ 37 (Wis., 2017).

Walgreens attempts to avoid these conclusions by the Wisconsin Supreme Court by claiming that its waiver defense is distinguishable from the waiver addressed in the Moya case. Walgreen's waiver argument is in a worse legal position than the waiver argument

advanced in *Moya* because it is premised on voluntary payment – which was also rejected as a defense in *Moya*. Walgreens argues:

> Walgreens' waiver argument is much different. The issue here is not that Plaintiff could have avoided the fee at issue by requesting her own records, rather than sending the request through Welcenbach (although this is true here, as it was in *Moya v. Aurora Healthcare*). Instead, **Plaintiff waived her ability to challenge the $55 fee that she voluntarily paid** because the invoice from Walgreens expressly directed Plaintiff to pay the amount owed by state statute, and, despite having actual knowledge of the Health Records Statute and its requirements.

ECF 7 - Walgreen's Memorandum at p. 8.

What the Wisconsin Supreme Court made clear in rejecting the defenses in *Moya* was that defendants cannot evade the clear statutory prohibition under §146.83. The *Moya* court refused efforts to undermine the prohibition directed at health care providers. If a health care provider violates that prohibition, it may be held accountable by the person it illegally charged. Walgreens does not dispute that it violated that prohibition and therefore it can and should be held liable for doing so. Plaintiff has stated viable claims against it under Wisconsin law. Walgreen's motion to dismiss should be denied.

    II.    PLAINTIFF'S CLAIMS FOR INDIVIDUAL RELIEF UNDER A STATUTE MAY BE ASSERTED AT ANY TIME WITHIN SIX YEARS.

Walgreens contends that Plaintiff's claims are subject to a two year limitation found at Wis. Stat. §893.93(2)(a). Respectfully, this provision cited by Walgreens does not apply to the Plaintiff's claims. The statute at issue here is designed to benefit individuals and is not designed to benefit the public.

In *Erdman v. Jovoco, Inc.*, 512 N.W.2d 487, 495–96, 181 Wis.2d 736, 760–62 (Wis.,1994) the Wisconsin Supreme Court addressed an argument, similar to the one raised by Walgreens. Erdman sued his employer relying on Section 103.455 which

"provided in part that "no employer shall make any deduction from the wages due or earned by any employee ... for defective or faulty workmanship, lost or stolen property or damage to property, unless the employee authorizes the employer in writing to make such deduction....". Erdman claimed that his employer had deducted amounts from his commissions in violation of this statute. The employer's position was that Erdman's claim was subject to the two year limit for:

> An action by a private party upon a statute penalty, or forfeiture when the action is given to the party prosecuting therefor and the state, except when the statute imposing it provides a different limitation. [1]

The employer contended the statute since the statute Erdman relied on imposed a penalty it was covered by the 2 year provision. The Wisconsin Supreme Court rejected this analysis offered by the employer and held that what controls is the purpose of the statute. To illustrate the point, the Erdman court discussed anti-trust laws, which is the only area of law that the 2 year limit had been applied to in the past, and distinguished that type of public benefit law from the individual benefit law Erdman relied on for his claim:

> The defendants attempt to draw a parallel between sec. 103.455 and the state anti-trust law by characterizing sec. 103.455 as both remedial and punitive in nature. They argue that the double recovery provision of sec. 103.455 is punitive and that the section also imposes a statute penalty. We are not persuaded by the defendants' analogy between sec. 103.455 and the state anti-trust law, because the defendants do not acknowledge the different purposes of the two statutes. Anti-trust statutes are designed to benefit the public. As the Supreme Court has stated:
>
>> Every violation of the antitrust laws is a blow to the free-enterprise system envisaged by Congress.... This system depends on strong competition for its health and vigor, and strong competition depends, in turn, on compliance with antitrust legislation.

---

[1] This statutory provision is found at Wis. Stat. §893.93(2)(a).

> Hawaii v. Standard Oil Co., 405 U.S. 251, 262, 92 S.Ct. 885, 891, 31 L.Ed.2d 184 (1972), quoted in City of Madison, 73 Wis.2d at 373, 243 N.W.2d 422. Anti-trust laws provide for treble damages to encourage private enforcement in an area where government regulation alone would not be adequate.
>
> In contrast, sec. 103.455 is designed to benefit individuals. The court of appeals has explained that sec. 103.455 is a remedial statute because it provides a remedy for individual employees, rather than the public. Erdman v. Jovoco, 173 Wis.2d at 281, 496 N.W.2d 183. "It is not uncommon for decisions to state the difference [between penal and remedial statutes] in terms of the nature of the evil sought to be remedied by the legislation, ... it is penal if it undertakes to redress a wrong to the public and remedial if it undertakes to remedy a wrong to the individual." In re: I.V., 109 Wis.2d 407, 411, 326 N.W.2d 127 (Ct.App.1982), quoting 3 J. Sutherland, Statutes and Statutory Construction, sec. 60.02 (C. Sands 4th ed. 1974). We agree with the court of appeals' characterization of sec. 103.455; the double recovery provision in the statute does not change its fundamental nature. Although the legislature has created an incentive for employers to comply with the statute by providing double damages, the statute is primarily intended to benefit individual employees.

512 N.W.2d 487, 496, 181 Wis.2d 736, 761–62 (Wis.,1994)

The same is true of §146.83. Its purpose is remedial not penal. It is designed to benefit individuals, i.e., patients. The exemplary damages allowed under §146.84 is comparable to the double recovery allowed under §103.455. It does not change the fundamental nature to benefit individuals.

Walgreen's attempt to equate this law, which addresses how an individual may obtain copies of their individual health care records, with antitrust laws designed to benefit all is unpersuasive. Walgreen's general statement that "laws governing health records are generally put in place to benefit the public and to prevent health care providers from hindering the public's ability to access their health records" does not change that §146.83 protects individual rights relating to individual health care records. Similarly, Walgreen's reference to the damages allowed under §146.84 as punitive is no

different than the argument made by the employer in Erdman – which the Court found unpersuasive.

Walgreen's cites to the decision in *In Re Ortiz,* 477 B.R. 714, 727 (E.D. Wis. 2012) with a specific reference to page 729 of that decision. Walgreen says that "this Court has previously recognized that one purpose of Wis. Stat. § 146.84 is to discourage improper conduct, for benefit of the public interest." See ECF 7 at p. 11. It is unclear how Walgreens derives this conclusion from that page of the decision. Page 729 of the opinion discusses that an individual suffers injuries if his or her individual records are made public but there is no discussion that the nature of the statute goes beyond providing individual protection or relief.

In short, the 2 year provision that Walgreen relies on does not apply to individual actions for violations of individual rights granted by §146.83. The statute is remedial not penal. Walgreen's motion to dismiss on this ground should be denied.

FOR PLAINTIFF Carolyn Moya

Robert J. Welcenbach (SBN 1033091)
Welcenbach Law Offices
933 North Mayfair Road, Suite 311
Milwaukee, WI 53226
Phone:  (414) 774-7330
Facsimile:  (414) 774-7670
Robert@welcenbachlaw.com

/s/ Scott C. Borison
Scott C. Borison
Borison@legglaw.com
Legg Law Firm, LLP
1900 S. Norfolk Rd. Suite 350
San Mateo CA 94403
Borison@legglaw.com

MD Office:
38 S. Paca St. #116, Suite B

Baltimore MD 21201
(301) 620-1016
Fax: (301) 620-1018

CERTIFICATE OF SERVICE

A copy of this document was served on the Defendant's counsel when filed through the Court's CM/ECF system on December 17, 2018.

/s/ Scott C. Borison
Scott C. Borison