# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CAROLYN MOYA,

              Plaintiff,

v.

WALGREEN CO.,

              Defendant.

Case No. 18-CV-1785-JPS

**ORDER**

## 1.    INTRODUCTION

Plaintiff filed this action on October 1, 2018 in Milwaukee County Circuit Court. (Docket #1-1 at 6–16). She sues Defendant for charging allegedly improper fees to herself and the putative class members in providing them copies of their healthcare records. *Id.* Defendant removed the case to this Court on November 9, 2018. (Docket #1).[1] Defendant then filed a motion to dismiss on November 28, 2018. (Docket #6). The motion is now fully briefed, and for the reasons stated below, it must be granted.

## 2.    STANDARD OF REVIEW

Defendant has moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). That Rule provides for dismissal of complaints which fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). In reviewing Plaintiff's complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in [her] favor[.]" *Kubiak v. City of Chi.*, 810 F.3d 476, 480–81 (7th Cir. 2016) (citation omitted). To state a viable claim, a complaint must

---

[1] Defendant's removal is premised on the Class Action Fairness Act of 2005. (Docket #1). Plaintiff has not questioned the propriety of the removal on this basis.

provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *Kubiak*, 810 F.3d at 480 (quotation omitted).

3. **RELEVANT FACTS**

Accepting the truth of Plaintiff's well-pleaded allegations and drawing all reasonable inferences in her favor, the relevant facts are as follows. Wisconsin Statutes Section 146.83 ("Section 146.83") limits the fees that a healthcare provider may charge a patient when it provides the patient with his or her healthcare records. (Docket #1-1 at 7–9). Plaintiff was injured in a vehicle crash in April 2011. *Id.* at 12. She retained her current attorneys, the Welcenbach Law Offices S.C. ("Welcenbach"), to represent her in a personal injury claim. *Id.* With Plaintiff's authorization, Welcenbach sought her healthcare records from a number of providers, including Defendant. *Id.*

Welcenbach sent a records request to Defendant on January 23, 2013. Defendant responded by providing five pages of records and an invoice for $55. (Docket #1-1 at 63). The invoice included the following text:

> Dear Sir/Madam
>
> In accordance with your request, pharmacy records for the above referenced patient were forwarded after a complete search was conducted, pursuant to the statutory retention period for pharmacy records. An invoice for our services is attached.
>
> Please remit payment, together with this invoice. If state statute designates a different reimbursement, please enclose a copy of the statute along with a check for that amount.

*Id.* On March 27, 2013, Welcenbach paid the $55 charge without protest and without taking advantage of the offer in the final sentence of the quoted

passage. *Id.* Plaintiff now claims that the $55 fee violates Section 146.83 because it exceeds the maximum amount the statute permits Defendant to charge for the records it provided. *Id.* at 12–13.

On March 20, 2013, seven days before paying the invoice, Welcenbach filed a lawsuit on Plaintiff's behalf against Aurora Healthcare, Inc. and Healthport Technologies, LLC (collectively referred to as "Healthport"). (Docket #8-1).[2] Therein, Plaintiff alleged the same basic claim, that she was overcharged for healthcare records in contravention of Section 146.83. *Id.* The case eventually made its way to the Wisconsin Supreme Court, which decided a number of issues in her favor. *Moya v. Aurora Healthcare, Inc. et al.*, 894 N.W.2d 405 (Wis. 2017). Those issues will be described in greater detail below.

4. **ANALYSIS**

Plaintiff presents two causes of action. First, she alleges that Defendant charged her and the putative class members more for providing their healthcare records than is permitted by Section 146.83. (Docket #1-1 at 13–14). Because of this, Plaintiff asserts that Defendant owes her actual damages, as well as exemplary damages of up to $25,000 per violation of the statute (the maximum amount depends on whether the violation was willful or negligent). *Id.* at 15. Second, Plaintiff claims that Defendant was unjustly enriched when it knowingly charged her more than it legally could and has retained the overpayment. *Id.* at 15–16. The Court will address each claim separately.

---

[2]Defendant asks that the Court take judicial notice of the fact Plaintiff initiated the lawsuit against Healthport, as well as the complaint she filed in that action. Plaintiff has not objected, and so the Court will take notice of those facts. *Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012).

**4.1     Section 146.83**

Section 146.83(3f)(b) establishes a fee scheme that healthcare providers must comply with in meeting a request for patient records. Plaintiff claims that the $55 fee is greater than what the statute permits for the five pages of records that Defendant provided, thus demonstrating Defendant's violation of the statute and her entitlement to damages. Defendant counters that the invoice expressly allowed Plaintiff to pay a different amount if that amount was provided for by state statute. (Docket #1-1 at 63). It appears, then, that the invoice is a form document used by Defendant throughout its national operations, and the form is specifically designed to account for variations in state laws, including Wisconsin's Section 146.83.

Defendant notes two reasons why Plaintiff, and more importantly Welcenbach, knew full well that they could pay a sum less than $55. First, Plaintiff had the records in hand when she paid the fee. Thus, she could have utilized the scheme described by Section 146.83(3f)(b) to calculate the proper amount owed, and then send that fee to Defendant along with a copy of the statute. Second, Plaintiff and Welcenbach were aware of the legal basis for their current complaint at the time of payment back in 2013. Seven days before Welcenbach paid the fee, Plaintiff filed her lawsuit against Healthport accusing it of the same misconduct as Defendant.

Despite being armed with both a factual and legal basis to pay a lesser fee and avoid the instant controversy, Plaintiff nevertheless paid the full $55 fee without protest and waited over five years to file a lawsuit about it. Defendant contends that Plaintiff's conduct operates as a waiver of her right of action under Section 146.83. Wisconsin recognizes the doctrine of waiver as the "voluntary and intentional relinquishment of a known right."

*Attoe v. State Farm Mut. Auto. Ins. Co.*, 153 N.W.2d 575, 579 (Wis. 1967). The doctrine "focuses on the intent of the party against whom waiver is asserted." *Milas v. Labor Ass'n of Wis., Inc.*, 571 N.W.2d 656, 659 (Wis. 1997). While the party claiming waiver need not prove an actual intent to waive, it must show that the waiving party "had at the time knowledge, actual or constructive, of the existence of his rights or of the facts upon which they depended." *Bade v. Badger Mut. Ins. Co.*, 142 N.W.2d 218, 222 (Wis. 1966). Intention to waive may, then, be inferred from the parties' conduct. *Attoe*, 153 N.W.2d at 579.

The waiver doctrine applies squarely to Plaintiff's conduct in this case. She knew that the $55 fee in the invoice was objectionable, and that she was provided an express avenue to avoid paying it, but chose to pay it anyway. This demonstrates her actual intent to waive the right to challenge the propriety of the fee. Indeed, the cynical observer may conclude that Plaintiff paid the fee in order to manufacture this lawsuit. Perhaps she paid the fee in the hope that the *Aurora* case would end favorably for her, thus providing a basis to sue Defendant half a decade later. Had Plaintiff refused to pay the fee, or paid under protest, or paid a lesser amount as allowed by Section 146.83, waiver would not apply. The matter would have then been in Defendant's hands; it could insist on the $55 fee, thereby violating Section 146.83, or it could accept a lesser payment and avoid a lawsuit. Because Plaintiff instead chose to pay and wait in the weeds for an opportune moment to pounce on Defendant, Plaintiff has demonstrated her intent to waive her right to sue for a violation of Section 146.83.

Plaintiff's argument to the contrary, comprising less than two pages of her eight-page response brief, does not require a different result. Plaintiff's position is, unsurprisingly, founded entirely on the *Aurora* case,

and so a detailed discussion of that case is in order. Among other restrictions, Section 146.83 provides that if the requester of records "is not the patient or a person authorized by the patient," the healthcare provider may charge certification and retrieval fees totaling $28. Wis. Stat. § 146.83(3f)(b)4-5. Welcenbach, on Plaintiff's behalf, obtained her healthcare records from Healthport. *Aurora*, 894 N.W.2d at 409. Healthport charged Welcenbach certification and retrieval fees for this service and Welcenbach duly paid them. *Id.* Plaintiff then sued Healthport for imposing those fees, even though Welcenbach was "a person authorized" by her to obtain her records. *Id.*

Healthport moved for summary judgment on the ground that Welcenbach was not "a person authorized" as contemplated by the statute, and so its fees were proper. *Id.* The circuit court denied the motion, but it was reversed by the Wisconsin Court of Appeals. *Id.* The Wisconsin Supreme Court then granted Plaintiff's petition for review. *Id.* at 409–10. For reasons not important to this case, the court determined that Plaintiff was correct, and that Welcenbach should not be required to pay the extra $28 in certification and retrieval fees. *Id.* at 410–14.

Healthport also asserted two additional reasons why Plaintiff should not prevail. First, Healthport argued that Welcenbach's voluntary payment of the fee precluded Plaintiff's right to complain about the fee after the fact. *Id.* at 414. The voluntary payment doctrine requires a person disputing the validity or legality of a bill to make that known either before or at the time of payment. *Id.* The court determined that it could not apply the doctrine to Plaintiff because doing so would undermine the legislature's purpose in enacting Section 146.83, namely to allow a patient to authorize another to obtain their records and so avoid extra charges. *Id.*

Second, Healthport claimed that Plaintiff had waived her right to file a lawsuit asserting a violation of Section 146.83. *Id.* The court also rejected that defense:

> Healthport argues that Moya waived her ability to obtain her health care records at a lower cost because she chose to authorize her attorney to obtain her health care records instead of requesting them herself, thereby voluntarily and intentionally relinquishing her right not to be charged the certification charge and retrieval fee. As with the application of the doctrine of voluntary payment, we decline to apply the doctrine of waiver to subvert the legislature's intent. To conclude that the doctrine of waiver applies would require us to conclude that Moya's attorney has to pay the certification charge and retrieval fee. However, we conclude that Moya's attorney does not have to pay the certification charge or retrieval fee because he is a "person authorized by the patient." Thus, the doctrine of waiver does not apply to bar Moya's class action lawsuit.

*Id.* at 415.

As noted above, Plaintiff's argument on this point is exceedingly brief and conclusory. The Court nevertheless detects two primary contentions. First, Plaintiff states that Defendant "is in a worse legal position" than Healthport was with respect to the waiver doctrine, because Defendant's position "is premised on voluntary payment—which was also rejected as a defense in [*Aurora*]." (Docket #12 at 3–4). She fails to further explain this assertion and, as stated, the Court is compelled to disagree. Defendant's position is better than that of Healthport. Defendant's argument is not based solely on voluntary payment. Rather, Defendant maintains that Plaintiff's right of action under Section 146.83 was waived when Welcenbach paid the fee *without* protest, *without* paying a lesser amount as allowed by the invoice, and *with* full knowledge of the

requirements of Section 146.83 and the amount she should have been charged. It is this knowledge, demonstrated by the fact that Plaintiff had just filed the *Aurora* case before paying Defendant's invoice, that operates to waive her Section 146.83 claim in this case.

    Plaintiff's second argument is policy based:

> What the Wisconsin Supreme Court made clear in rejecting the defenses in [*Aurora*] was that defendants cannot evade the clear statutory prohibition under §146.83. The [*Aurora*] court refused efforts to undermine the prohibition directed at health care providers. If a health care provider violates that prohibition, it may be held accountable by the person it illegally charged.

*Id.* at 4. But Plaintiff misinterprets the *Aurora* court's discussion of legislative intent. That court felt that it could not apply the voluntary payment or waiver doctrines as Healthport suggested, because to do so would undermine the legislature's purpose in permitting attorneys like Welcenbach to obtain low-cost healthcare records on behalf of their clients. But that concern is much lessened here. Welcenbach was expressly given an opportunity to pay what he felt was permitted under Section 146.83—namely, much less than $55—but did not take advantage of it. Plaintiff cannot now be heard to complain about that choice.[3] The Court concludes that Plaintiff has waived her Section 146.83 claim, and that the claim must therefore be dismissed.

---

[3]Certainly, the better practice would be for Defendant to send invoices that seek only statutorily permitted fees. But the invoice's language allowing for payment of a lesser amount than that which was stated (in conjunction with Plaintiff's knowledge of the law) saves Defendant from liability here.

**4.2 Unjust Enrichment**

To state a claim for unjust enrichment, a plaintiff must allege three things: "(1) a benefit conferred on the defendant by the plaintiff; (2) appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention of the benefit by the defendant under circumstances making it inequitable to do so." *Sands v. Menard*, 904 N.W.2d 789, 798 (Wis. 2017). In its opening brief, Defendant offers two arguments supporting dismissal of the claim. First, Defendant contends that the complaint did not allege all of the required elements of such a claim. (Docket #7 at 12–13). Namely, Plaintiff fails to allege inequity because Welcenbach chose to pay the fee when, as stated in the invoice, it could have paid a lesser amount. *Id.* Second, Defendant maintains that Plaintiff's voluntary payment of the fee, with full knowledge that it exceeded the maximum charges allowed under Section 146.83, bars a claim for unjust enrichment. *Id.* at 13–15.

Plaintiff's opposition brief makes no attempt to defend the unjust enrichment claim against either of these arguments. *See generally* (Docket #12). Indeed, she fails to even mention the claim. *Id.* The Court must, therefore, treat Defendant's arguments as conceded and grant its request to dismiss the unjust enrichment claim. *See Ennin v. CNH Indus. Am., LLC*, 878 F.3d 590, 595 (7th Cir. 2017).

**5. CONCLUSION**

In light of the foregoing, Defendant's motion to dismiss must be granted. Generally, after granting a motion to dismiss, courts should allow a plaintiff leave to amend her complaint to correct its deficiencies prior to dismissing an entire action. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & N.W. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). Leave need not be given, however, if the defects are clearly uncorrectable, and thus

amendment would be futile. *Id.* at 520. It appears that any amendment would be futile here because Plaintiff cannot change the facts—Welcenbach voluntarily paid the $55 fee without protest and waited five years to sue. More importantly, the Court will not grant leave to amend to a represented party absent a request for leave, which Plaintiff has not made. *See generally* (Docket #12). This action will, therefore, be dismissed with prejudice and without granting leave to amend the complaint.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Docket #6) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge